**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT MARTIN, | : | Case No. 5:04 CV 2387 |
| Plaintiff, | : | |
| | : | JUDGE JAMES S. GWIN |
| vs. | : | |
| | : | |
| MARCELLA HAWKINS, et al., | : | |
| | : | <u>ORDER</u> |
| Defendants. | : | |

Plaintiff Robert Martin has filed a Motion for Relief from Judgment pursuant to Federal Civil Procedure Rule 60(b)(6) (Docket no. 16) on September 10, 2007 seeking reinstatement of the within action dismissed on February 28, 2005 (Docket No. 8). For the following reasons, the Motion is **denied**.

Mr. Martin filed this action pursuant to 42 U.S.C. § 1983 against Wayne County National Bank Trust employees Marcella Hawkins and Steve Kitchen on December 2, 2004. He also included several state law claims in his complaint. Mr. Martin is incarcerated in the London Correctional Institution. In February 1990, Mr. Martin's mother, Geraldine Cook, created an estate plan consisting of a Last Will and Testament and a Living Trust. The Last Will and Testament bequeathed the remainder of her estate to the trustee of her Living Trust, the Wayne County National Bank Trust of Wooster, with the intent that the funds would be administered under the terms of that

trust document. Because Mr. Martin was in prison at the time the trust was created, Ms. Cook added a spendthrift provision which dictated that Mr. Martin would receive $ 50.00 per month from the net income of his portion of the trust estate during his incarceration. Geraldine Cook died on August 22, 2002. Mr. Martin filed this action in an attempt to challenge the creation and administration of the trust. The Court issued its Memorandum & Order dismissing the federal claims with prejudice under 28 U.S.C. § 1915(e) on February 28, 2007. (Docket no.8). His state law claims were dismissed without prejudice. Mr. Martin did not appeal that decision

Instead, Mr. Martin filed a Motion for Reconsideration on March 15, 2005. He claimed: (1) he did not invoke this court's jurisdiction under 42 U.S.C. § 1983, (2) he seeks restitution of his lost inheritance which he claims gives this court equity jurisdiction; (3) he has no remedy under state law because the statute of limitations has run, and (4) he is claiming an illegal search and seizure under the Fourth and Fourteenth Amendments. The Court denied the Motion on May 9, 2005. Mr. Martin did not appeal the denial of the Motion.

Over two years later, Mr. Martin now has filed a Motion for Relief from Judgment, pursuant to Federal Rule of Civil Procedure 60(b)(6), seeking relief from the Court's decision to dismiss his case for failure to state a claim upon which relief could be granted. Specifically, Mr. Martin asserts that (1) banks should be considered to act under state law because they are incorporated under the laws of a state and/or federal government and are considered to citizens of the states in which they are incorporated; (2) he seeks restitution of his lost inheritance which he claims gives this court equity jurisdiction; and (3) he has been denied access to the courts because the Wayne County Probate has declared him to be a vexatious litigator on May 29, 2007. Mr. Martin contends that because the Wayne County Court will no longer allow him to attempt to pursue his state law claims,

2

he can obtain relief from judgment in the federal court.

## I. STANDARD OF REVIEW

Rule 60(b) permits a district court to grant a motion for relief from the judgment for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED.R.CIV.P. 60(b). "As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir.1993). Rule 60(b) does not permit parties to relitigate the merits of claims, or to raise new claims that could have been raised during the litigation of the case or in the initial complaint. Rather, the purpose of a Rule 60(b) motion is to allow a district court to reconsider its judgment when that judgment rests on a defective foundation. The factual predicate of a Rule 60(b) motion therefore deals with some irregularity or procedural defect in the procurement of the judgment denying relief. See Abdur'Rahman v. Bell, 392 F.3d 174, 179-80 (6th Cir. 2004)(*overruled* on other grounds). It does not afford a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, new legal theories, or proof. Jinks v. AlliedSignal, Inc., 250 F.3d 381, 385 (6th Cir.2001).

## II. ANALYSIS OF CLAIMS

As the basis for his Motion, Mr. Martin cites subsection (6) of Rule 60, permitting relief for "any other reason justifying relief from the operation of the judgment." FED.R.CIV.P. 60(b)(6). This subsection is only properly invoked, however, in "unusual and extreme situations where principles of equity mandate relief." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir.1990). This represents Mr. Martin's second attempt to obtain relief Rule 60(b)(6). The first Motion was denied on May 9, 2005. Much of this second Motion asserts substantially similar claims as those asserted and rejected in the first Motion. Those claims which were not previously considered by this Court seek to reopen this case based on an order from the state court declaring Mr. Martin to be a vexatious litigator. Mr. Martin contends that he should be permitted to continue to pursue his claims in federal court because he no longer has an avenue to pursue them in state court. Rule 60(b) does not permit parties to relitigate the merits of claims. In re Abdur'Rahman, 392 F.3d 174, 179 (6th Cir. 2004); Johnson v. Unknown Dellatifa, 357 F.3d 539, 543 (6th Cir. 2004). Considering his assertions, Mr. Martin has not shown an unusual and extreme situation "where principles of equity mandate relief." Olle, 910 F.2d at 365-66.

### III. CONCLUSION

For the foregoing reasons, the Court denies plaintiff's Motion for Relief from Judgment pursuant to Federal Civil Procedure Rule 60(b)(6) (Docket no. 16)

**IT IS SO ORDERED.**

Dated: October 9, 2007    *s/    James S. Gwin*
                          JAMES S. GWIN
                          UNITED STATES DISTRICT JUDGE